IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL No. 05-00196-WS-N |
| | ) | (Civil Action No. 12-00589-WS) |
| ERIC LAMONT JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This action is before the court on a motion filed by the defendant, Eric Lamont Johnson, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 113). This matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the petitioner's § 2255 motion, the United States' response in opposition thereto (doc. 115), Johnson's reply (doc. 124), and all other pertinent portions of the record, it is the recommendation of the undersigned that the § 2255 motion be **DENIED.**

I. BACKGROUND

A three count indictment issued against Johnson in June 2005, charging him in Counts One and Two with possession of a firearm by a prohibited person (convicted felon) in violation of 18 U.S.C. § 922(g)(1), and in Count Three with making false and fictitious oral and written statements in connection with the attempted acquisition and acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). (Doc. 1). On June 28, 2010, and again on July 28, 2010, Johnson appeared in Court with counsel for a competency hearing and, based upon the testimony of two examining psychologists and a review of the psychological evaluation reports in evidence, the Court held that:

> Defendant is not presently suffering from a mental disease or defect rendering
> him mentally incompetent to the extent that he is unable to understand the nature
> and consequences of the proceedings against him or to assist properly in his
> defense.

(Doc. 61). At the pretrial conference conducted on August 9, 2010, Johnson's counsel advised the Court that defendant would enter a guilty plea and an order setting the plea was entered. (Doc. 63). Johnson executed a written plea agreement and factual resume in support of his guilty plea to Count Three of the indictment. (Docs. 64,[1] 65). On August 17, 2010, Johnson entered his guilty plea on the record in open Court. (Doc. 107-2). Johnson confirmed, on the record, under oath, that he:

> [A]cquired or attempted to acquire a firearm from a Federally-licensed
> firearm dealer as charged; that in so doing, that [he] knowingly made a false or
> fictitious statement orally or in writing intended to deceive such dealer; and that
> the subject matter of the false statement was material to the lawfulness
> of the sale.

(Doc. 107-2 at 15-16). He was sentenced on November 15, 2010, to 60 months in prison. (Doc. 77). A direct appeal was concluded with the filing of a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and an "independent review of the entire record" by the Eleventh Circuit, which revealed "no arguable issues of merit" and resulted in an affirmance of Johnson's conviction and sentence on August 17, 2011.[2] (Doc. 111).

On September 6, 2012, Johnson filed the present § 2255 motion asserting, in sum, ineffective assistance of counsel predicated on the following contentions:

---

[1] The United States advised the Court that, pursuant to the present office policy, it does not seek to enforce the appeal/collateral attack waiver in Johnson's plea agreement (doc. 64 at 6-7) with respect to his claims of ineffective assistance of counsel. (Doc. 115 at n. 2).

[2] On September 19, 2011, the Eleventh Circuit's judgment affirming the conviction and sentence was issued as a Mandate. (Doc. 112).

2

- He "expressed to counsel" that he did not remember the alleged attempt to purchase a firearm and "counsel failed to seek out a handwriting expert to examine the signature at issue in this matter"[3];

- Counsel informed Johnson that "he would spend the rest of his life in prison if he did not enter a plea of guilty"; and

- Counsel abandoned Johnson "at a critical stage by refusing to sign the plea agreement because the agreement was unconstitutional."

(Doc. 124 at 2-3).[4]

The United States argues, in sum, that Johnson's motion is due to be summarily denied because he "alleges ineffective assistance of counsel at the guilty plea stage without the requisite showing of prejudice." (Doc. 115 at 3). The United States further argues that no evidentiary hearing is necessary because Johnson's claims "are affirmatively contradicted by the record." (*Id.*).

In his reply, Johnson pursues only one contention.[5] He argues that the attached opinion of Beth Chrisman, identified as a Forensic Document Examiner,[6] "establishes a reasonable

---

[3] Johnson also stated that "counsels mitigation specialist [] also told [] counsel that the signature did not look like mine and should have been examined." (Doc. 113 at 4). Johnson offers no support in any form for this contention.

[4] In the introduction of his initial § 2255 motion, Johnson also set forth as grounds for relief "prosecutorial misconduct" and "breach of plea agreement." (Doc. 113 at 3). Johnson does not pursue these claims in any manner and they are, therefore, deemed to be abandoned.

[5] Johnson merely refers, in the introduction of his reply brief, to his previous contentions that "counsel informed him that 'he would spend the rest of his life in prison if he did not enter a plea of guilty,["] and abandoned him at a critical stage by refusing to sign the plea agreement because the agreement was unconstitutional." (Doc. 124 at 2-3). He presents no further legal or factual arguments concerning these two claims. They, therefore, remain merely conclusory allegations that will not support habeas. *See* Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)(recognizing that a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'. ").

[6] Ms. Chrisman opined that that "there is a strong probability that the Eric Johnson of the known writing did not write and sign the name "William Ayala" on the questioned documents." (Doc. 124 at 12).

probability that but for counsel's errors the result of the proceeding would have been different and had counsel conducted an adequate investigation or made adequate inquiry – seeking out a handwriting expert – he would have insisted on going to trial." (Doc. 124 at 6, *citing* Hill v. Lockhart, 474 U.S. 52, 59 (1985). This issue has, however, for the reasons stated below, been waived by Johnson's voluntary and intelligent guilty plea.

Johnson did not request, and there is no need for, an evidentiary hearing because his claims can be resolved based on the existing record. Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983)(" An evidentiary hearing is not required where, as here, the district court can determine the merits of the ineffectiveness claim based on the existing record."); *see also* Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)("[D]istrict court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous."); United States v. Mobley, 2013 WL 4166553, *22 (S.D. Ala., August 15, 2013)("There is no need for an evidentiary hearing [because] [o]n the existing record, Mobely has not presented non-conclusory facts that, if true, would entitle her to relief."). *See also*, San Martin v. McNeil, 633 F.3d 1257, 1271 (11th Cir. 2011) ("'An evidentiary hearing may be necessary where the material facts are in dispute, but a petitioner is not entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics.'"), *quoting* Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006).

II. STATEMENT OF THE LAW

A. Habeas Standard.

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a [] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *see also* Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral

4

challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of the collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Consequently, '[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 WL 3200694 at *3 (S.D. Ala. 2008).

    B.    Strickland v. Washington Standard.

A two-fold analysis must be applied to claims of ineffective assistance of counsel, as set forth by the Supreme Court and the Eleventh Circuit:

> To succeed on a claim of ineffective assistance, a habeas petitioner must satisfy both prongs of the test set out by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The performance prong requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89, 104 S.Ct. at 2064-65. The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense. *Id*. at 687, 104 S.Ct. at 2064.
>
> Unless a petitioner satisfies the showings required on both prongs, relief is due to be denied. *Id*. As a result, once a court decides that one of the requisite showings has not been made it need not decide whether the other one has been. *Id*. at 697, 104 S.Ct. 2069 (A court need not "address both components of the inquiry if the [petitioner] makes an insufficient showing on one."); Duren v. Hopper, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong"). . . .
>
> To establish prejudice, a petitioner must show "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. [P]etitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. [T]hat the errors had some conceivable effect of the outcome of the proceeding' is insufficient to show

5

prejudice." Gilreath v. Head, 234 F.3d 547, 551 (11th Cir. 2000) (alteration in original) (*quoting* Strickland, 466 U.S. at 693, 104 S.Ct. at 2067).

United States v. Butcher, 368 F.3d 1290, 1293-94 (11th Cir. 2004). In making the performance determination, conduct must be evaluated from the attorney's perspective at the time in order to avoid the distorting effects of hindsight. Strickland, 466 U.S. at 689; *see also* Payne v. United States, 566 F.3d 1276, 1277 (11th Cir. 2009)(" a court must avoid 'the distorting effects of hindsight' and must 'evaluate the conduct from counsel's perspective at the time'."). ."). In guilty plea cases, the prejudice showing requires a defendant to demonstrate that, but for alleged ineffective assistance of counsel, the defendant would not have pleaded guilty. Hill v. Lockhart, 472 U.S. 52, 59 (1985). Given the petitioner's exacting burden, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*).

### III.    ANALYSIS.

In order for Johnson to establish ineffective assistance of counsel, he "must show that his attorney's performance was deficient and that the deficiency was prejudicial." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990). The Supreme Court held that, to establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). However, "[c]onclusory allegations of ineffective assistance are insufficient" Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992), *quoting* United States v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991). Despite his contentions to the contrary, Johnson has neither shown that his counsel's performance was deficient nor shown that he was in any manner prejudiced by any alleged deficiency.

An attorney's performance may be found ineffective in the constitutional sense only if "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. The Eleventh Circuit has addressed the issue and held that:

> When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992). ... Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. **This burden, which is petitioners' to bear, is and is supposed to be a heavy one**. And, "[w]e are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial ... worked adequately." *See* White v. Singletary, 972 F.2d 1218, 1221 (11th Cir. 1992). Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.

Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994) (emphasis added); *see also* Chandler v. United States, 218 F. 3d 1305, 1315 (11th Cir. 2000) (*en banc*) ("And because counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take."); McNeil v. United States, 2011 WL 3320510, *1, n.1 (S.D. Ala. August 2, 2011)(same). The standard is even higher where experienced counsel, such as Christopher Knight, is involved. Jefferson v. Hall, 570 F.3d 1283, 1302 (11th Cir. 2009), *citing* Chandler, 218 F.3d at 1316 ("When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger.").

Johnson asserts prejudice in connection with only one of his ineffectiveness claims, namely the claim that, but for counsel's failure to retain a handwriting expert, he would not have pled guilty. (Doc. 124 at 6-8). Johnson has failed to establish, however, that he did not make his

guilty plea knowingly and voluntarily. Consequently, he has waived all nonjurisdictional defects in the proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973) (noting that a guilty plea represents a break in the chain of events which had preceded it in the criminal process); United States v. Broce, 488 U.S. 563 (1989). *See also* Barrientos v. United States, 668 F.2d 838, 842 (5th Cir.1982). The waiver also extends to claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *See* Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981), *cert. denied*, 456 U.S. 992 (1982). *See also* United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992) (*per curiam*)(holding that pre-plea ineffective assistance of counsel claims are also waived by guilty plea). Johnson's claim challenges the representation of counsel with regard to the investigation and pursuit of possible defenses to one of the three crimes charged in the indictment and does not relate to the voluntariness of the plea. It is therefore waived by the entry of his guilty plea. Johnson's conclusory claim amounts to little more than a contention that, if only counsel had investigated this or that defense possibility, things would now be different. Such does not satisfy Johnson's burden to show either that his attorney's performance was deficient or that the deficiency was prejudicial. Cross, 893 F.2d at 1290.

Even if the Court construed Johnson's claim as an attack on the voluntariness of his plea, the claim would not succeed. The record establishes that Johnson's guilty plea satisfied the core requirements of Rule 11 of the Federal Rules of Criminal Procedure:

> (1) that the plea is free from coercion; (2) that the defendant understands the nature of the charges presented; and (3) that the defendant knows and understands the consequences of pleading guilty. United States v. Siegel, 102 F.3d 477, 481 (11th Cir. 1996). The court has wide latitude in satisfying these core concerns. "[T]here is no one mechanical way or precise juncture that a district court is required to inform the defendant of the nature of the charges in the Rule 11 colloquy." United States v. Wiggins, 131 F.3d 1440, 1443 (11th Cir. 1997). The extent of the court's explanation of the elements of the charged offense depends largely on the complexity of the elements, *see* United States v. Byrd, 804 F.2d 1204, 1205-06 (11th Cir. 1986), and the defendant's "sophistication and

8

intelligence." United States v. Bell, 776 F.2d 965, 968-69 (11th Cir. 1985) (quotation and citation omitted).

United States v. Brown, 526 F.3d 691, 704 (11th Cir. 2008). "To determine whether a guilty plea is actually voluntary, knowing, and intelligent the district court judge must address the defendant in open court and meticulously follow the provisions for such a dialogue set forth in Fed.R.Crim.P. 11." United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986), *citing* United States v. Dayton, 604 F.2d 931, 936-38 (5th Cir.1979) (en *banc* ), *cert. denied*, 445 U.S. 904 (1980).

During his guilty plea hearing, the Court reviewed the concerns of Rule 11 in great detail. (Doc. 107-2). Johnson was given ample opportunity to address each concern and stated unequivocally that he reviewed, discussed and thoroughly understood the charges against him, his written plea agreement, and the United States' burden of proof in establishing his guilt. (*Id.* at 15-16). Johnson also unequivocally affirmed that the facts contained in his signed factual resume were true[7], and that he understood the consequences of his guilty plea, including the limited waiver of right to appeal sentence. (*Id.*)

"It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984). This is because "a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt." United States v. Broce, 488 U.S. 563, 569 (1989). Thus, in guilty plea cases, the habeas court's inquiry is generally limited to (1) jurisdictional questions, United States v.

---

[7] Among the facts unequivocally admitted by Johnson was the fact the he "acquired or attempted to acquire a firearm from a Federally-licensed firearm dealer as charged; that in so doing, that you knowingly made a false or fictitious statement orally or in writing intended to deceive such dealer; and that the subject matter of the false statement was material to the lawfulness of the sale." (Doc. 107-2 at 15-16).

Patti, 337 F.3d 1317, 1320 (11th Cir. 2003)("[A] voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings."); (2) "whether the underlying plea was both counseled and voluntary," Broce, 488 U.S. at 569 (holding that double jeopardy claim was waived by knowing and voluntary guilty plea); or (3) claims of ineffective assistance of counsel which relate to the defendant's decision to plead guilty, Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992), and Fairchild, *supra*, 803 F.2d at 1123. *See also* Whitehurst v. Senkowski, 485 F.Supp2d 105, 117 (N.D. N.Y. 2007)(A valid guilty plea held to "preclude[] petitioner from now challenging the legality of events that occurred prior to the entry of that plea.").

Johnson unequivocally affirmed during his plea hearing that he reviewed, discussed and thoroughly understood the charges against him, his written plea agreement, and the United States' burden of proof in establishing his guilt. (Doc. 107-2 at 7). Johnson also unequivocally affirmed that the facts contained in his signed factual resume were true, and that he understood the consequences of his guilty plea, including the limited waiver of right to appeal sentence. (*Id*. at 15-16). Consequently, Johnson's plea of guilty was clearly voluntary and intelligent.[8] He is, therefore, precluded from collaterally attacking his plea with claims involving alleged deprivations occurring prior to the plea, even claims of ineffective assistance of counsel that do

---

[8] Nor does Johnson's conclusory statement intimating that counsel cajoled him into pleading guilty by telling him he would otherwise spend the rest of his life in constitute grounds for relief. Johnson acknowledged during the plea proceedings that he "could receive a term of imprisonment up to 10 years" if convicted of Count Three of the indictment. (Doc. 107-2 at 9). The record also establishes that Johnson "has 22 criminal history points, placing him in Criminal History Category VI [and] has been basically in some kind of a county jail, California Youth Authority, or prison since he was about 11 years old." (Doc. 107-3 at 5-6). It was also noted that Johnson faced a guideline range up to 150 months had he gone to trial on all three Counts of the indictment and even faced the possible classification as an Armed Career Criminal which would have resulted in a "statutory mandatory 15 yr custody sentence." (Doc. 27 at 8). Thus, there was indeed a benefit attributable to Johnson's plea to Count Three of the indictment.

not attack the voluntariness of the guilty plea. *See* Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir.1981), *cert. denied*, 456 U.S. 992 (1982). The record reflects that Johnson's plea was knowing and voluntary and, as such, his present challenge to that plea is without merit. (Doc. 107-2 at 8-9).[9]

<u>Petitioner is not entitled to a Certificate of Appealability</u>.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned further recommends that a certificate of appealability in this case be denied. 28 U.S.C. § 2255; Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, (2000); *see* Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further'."). Inasmuch as it is clear that Johnson's claims for relief made pursuant to § 2255 are without merit, a reasonable

---

[9] Johnson also affirmed that, although he was currently under treatment, including medication, for schizophrenia and depression, it did not affect him "in any way that would prevent [him] from understanding what's going on" during the plea proceedings. (Doc. 107-2 at 6-7).

jurist could not conclude either that this Court is in error in dismissing the instant petition or that the petitioner should be allowed to proceed further. *See* Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

In the instant case, Petitioner's claims do not warrant the issuance of a Certificate of Appealability. Petitioner's claims are without merit. Therefore, no reasonable jurist could differ on the appropriate disposition of the petition on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability. Because Petitioner is not entitled to a Certificate of Appealability, any request for leave to appeal *in forma pauperis* is also due to be denied.

## CONCLUSION

For the reasons set forth above, Johnson has failed to establish that he was denied effective assistance of counsel at any juncture of the proceedings. It is, therefore, the recommendation of the undersigned that his § 2255 motion be **DENIED**. It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be **DENIED**.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this 13th day of March, 2014.


                              /s/ Katherine P. Nelson
                              **KATHERINE P. NELSON**
                              **UNITED STATES MAGISTRATE JUDGE**